## A. J. COLLIER V. THE STATE.

### No. 7321.  Decided February 7, 1923.

**1.—Carrying a Pistol—Sufficiency of the Evidence.**
Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Evidence—Display of Pistol.**
Upon trial of unlawfully carrying a pistol, there was no error in permitting the State's witness to testify to the entire circumstances surrounding the exhibition, display of, and attempted assault made upon him by defendant with said pistol on the occasion in question.

**3.—Same—Requested Charge—Practice on Appeal.**
There was no error in refusing the requested instruction of acquittal, nor in excluding certain immaterial testimony.

Appeal from the County Court of Jefferson.  Tried below before the Honorable D. P. Wheat.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Howth & O'Fiel,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law of Jefferson County of unlawfully carrying on or about his person a pistol and fined $100.

That appellant had on his person a pistol at or about the time alleged, is not disputed, but the legality of his possession was claimed to arise from the fact that he had gone after a pistol which he had loaned to another, and that he was carrying it back to his home along practically the most direct route.  This defensive issue was fully submitted and in such satisfactory manner as that there is no exception to the charge of the learned trial court.

There was no error in permitting the State's witness to testify to the entire circumstances surrounding the exhibition, display of, and attempted assault made upon him by appellant with, said pistol on the occasion in question.  This State witness was in the home of a Mrs. Broussard when appellant came into the house.  Appellant did not live

at this place. A conversation ensued between appellant, Mrs. Broussard and witness during which witness got up out of his chair and as he did so appellant jerked out a pistol and engaged in a scuffle with witness over same, during which witness struck appellant and he thereupon dropped the pistol. The pistol was pulled out of appellant's clothing at the time.

There was no error in refusing a requested instruction of acquittal, or in permitting the witness to detail the effort at an assault upon him made by appellant. Appellant had a bill of exceptions to the refusal of the court to permit him to ask said State witness if he had signed a statement then shown him with reference to the impeachment of the sheriff. There was nothing in said statement reflecting any light upon any issue involved in this case and the evidence was properly rejected.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*